W. A. Koneman, Defendant in Error, v. William Seymour, Plaintiff in Error.

Gen. No. 17,698.

1. LANDLORD AND TENANT—*when evidence of conversation does not vary terms of written lease.* Where a tenant kept out of possession by failure of the landlord to complete repairs sues for the failure to deliver possession, and a written lease obligates the landlord to make the repairs, but says nothing as to the time they should be completed, evidence by the tenant that before the signing of the lease the agent promised that the repairs would

be finished by the day the term was to begin is admissible, not as varying the terms of the lease, but for the purpose of aiding an inference which may be deduced from the lease.

2. LANDLORD AND TENANT—*damages recoverable for failure to deliver possession.* In an action by a tenant against a landlord for damages from failure to deliver possession, a month's rent paid in advance and the drayage on goods sent to the property may be recovered, but a month's rent of a lesser amount paid for other quarters and the salary of employees for such month may not be recovered.

3. LANDLORD AND TENANT—*when tenant not obtaining possession may recover excess rent of other premises.* Where, in an action by a tenant against a landlord for failure to deliver possession, the tenant testifies that he was compelled to pay more rent for other premises and that he endeavored to find premises as near like the leased premises as possible and took the cheapest ones he could find, he may recover the excess per month which he was obliged to pay for the other premises.

Error to the Municipal Court of Chicago; the HON. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed upon remittitur; otherwise reversed and remanded. Opinion filed January 23, 1913. Rehearing denied February 6, 1913.

WILLIAM E. MASON and LEWIS F. MASON, for plaintiff in error.

FRED W. KRAFT, for defendant in error; DAVID JETZINGER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendant in error, W. A. Koneman, brought suit in the municipal court against plaintiff in error, William Seymour, claiming damages for failure to deliver possession of certain premises. The case was tried by a jury, which returned a verdict for plaintiff and fixed the damages at $446.50, upon which judgment was entered. We are asked to reverse this judgment.

The facts appearing are that Seymour was the owner of a building in Chicago which had been par-

tially destroyed by fire but was in process of being reconstructed. On April 10th one Welsh, renting agent for Seymour, talked with Koneman with reference to leasing a portion of the floor space in Seymour's building. They agreed upon terms and also upon certain repairs and alterations in the premises, to be made by Seymour, and a written lease was signed by the parties on April 18, 1910, which contained the undertaking of Seymour to make these repairs and alterations; but the written lease says nothing about the time when such repairs should be completed. Koneman testified, and it does not seem to be disputed, that before the signing of the lease Welsh repeatedly promised that these repairs and alterations would be finished by April 25th, and in no event later than May 1, 1910, the day the term of said lease was to begin. It also appears that Seymour himself on two different days during the month of May promised that the premises should be ready the next day. It is conceded to be the fact that said repairs and alterations were not finished by May 1st, nor were they finished by June 2nd.

Koneman had paid Seymour one month's rent in advance, being for the month of May, 1910, amounting to $57.50. He also paid rent for the month of May in the Boyleston Building amounting to thirty dollars. In addition to these items he claims as damages the salary of two employees for the month of May amounting to $108; drayage on goods sent to the Seymour property $3.50; and the "difference in rental between the amount stipulated in the lease referred to and that the plaintiff was obliged to pay for other quarters for a period of eleven months at the sum of $22.50 each month—$247.50."

It is claimed by plaintiff in error that the court should not have permitted the introduction of the conversation touching the time when the repairs and alterations should be completed. We think that the testimony was admissible, not as tending to vary or contradict the terms of the written lease, but for the pur-

pose of aiding an inference which may be deduced from the written instrument.

However, we cannot agree that plaintiff was entitled to recover all of the items contained in his statement of claim. Taking the items in their order, he is clearly entitled to the recovery of the month's rent paid in advance, amounting to $57.50. This is conceded in argument by plaintiff in error. We cannot approve the allowance of the rent for the month of May in the Boyleston Building, amounting to thirty dollars, nor the item of salary of two employees for this month amounting to $108. We fail to see the reason why these two items should be charged up to Seymour, for they were expenditures which inured to the benefit of Koneman. The item of $3.50 for drayage on goods is a proper item and should be allowed.

Counsel for plaintiff in error protest strongly against the allowance of the item of $247.50, being the difference for eleven months between the rent of the Seymour property and that of the other premises rented by Koneman. We agree with the statement that the measure of damages is not merely the difference in rent between the property leased and any other property that the plaintiff may desire to move to, but on examining the record we find that plaintiff testified in substance that he was compelled to rent other premises costing eighty dollars a month, instead of premises which were equally suitable for his purposes at $57.50 a month; that he made an endeavor to find premises as near like the Seymour premises as possible, and took the cheapest premises which he could find. This not being disputed, we think plaintiff was entitled to recover the excess per month which he was obliged to pay for the other premises. The proper amount allowable to plaintiff, for which judgment should have been entered, was $308.50. If, therefore, plaintiff will within ten days from the filing of this opinion remit from said judgment $138, the judgment will be affirmed; otherwise it will be reversed and

the cause remanded. If the remittitur is filed and the judgment affirmed, each party will pay his own costs in this court; otherwise the entire costs to be taxed against the defendant in error.

*Affirmed upon remittitur, otherwise reversed and remanded.*